IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD BAILEY,                                              CV. 06-44-JE

        Plaintiff,                               ORDER TO DISMISS

  v.

JOHN HOEVE and MS. THORNTON,

        Defendants.

MOSMAN, District Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint (#2) is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that he received a misconduct report on April 7, 2005 for disobeying an order, being in an unauthorized

1 - ORDER TO DISMISS

area, and destroying property.  As a result, he was placed in disciplinary segregation.

On April 14, 2005, plaintiff alleges he was released from segregation without a hearing.  According to the Complaint, plaintiff was unable to file an appeal because there was no hearing to form the basis for an appeal.  Instead, plaintiff filed a grievance in which he claimed that he was improperly denied a disciplinary hearing on the charges against him.  As a result of the grievance process, all charges were later dismissed in May, 2005.

Plaintiff alleges that the denial of a disciplinary hearing violated his rights to due process, equal protection, and to be free from cruel and unusual punishment.  He asks for compensatory and punitive damages totaling $20,000.

## **STANDARDS**

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B)  the action . . .

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

2 - ORDER TO DISMISS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.

3 - ORDER TO DISMISS

Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Plaintiff's case is very similar to Sandin v. Conner, 515 U.S. 472 (1995).  In Sandin, an inmate was not allowed to present witnesses at a disciplinary hearing and was ultimately found guilty of the charged infractions.  The hearings officer sentenced the inmate to 30 days in disciplinary segregation.  The inmate brought suit claiming that he had a protected liberty interest in calling witnesses at his disciplinary hearing.

The Supreme Court determined that the Due Process Clause only protects a prisoner's liberty interest where he is subject to a restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id at 484.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."  In so holding, the Court wished to avoid "the involvement of federal courts in the day-to-day management of prisons" which "often squander[s] judicial resources with little offsetting benefit to anyone."  Id at 482.

As in Sandin, plaintiff asks this court to find a due process violation in his placement in disciplinary segregation which resulted from the alleged deprivation of a proper disciplinary hearing. Plaintiff's seven-day sentence to segregated confinement,

4 - ORDER TO DISMISS

less than one-quarter of the time at issue in <u>Sandin</u>, does not present the type of atypical, significant deprivation which implicates a constitutionally protected liberty interest. Plaintiff therefore fails to state a due process claim upon which relief may be granted.

Plaintiff also claims that his lack of a disciplinary hearing violates his rights to equal protection. Plaintiff has not alleged that defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Flores v. Morgan Hill United School District</u>, 324 F.3d 1130, 1134 (9th Cir. 2003)." Plaintiff simply uses the words "equal protection" in the preliminary statement of his Complaint, but has provided no factual assertions to support such a claim. He therefore fails to state an equal protection claim upon which relief may be granted.

To the extent that plaintiff alleges that his placement in disciplinary segregation violates the Eighth Amendment, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). Placement in disciplinary segregation does not rise to this level, therefore plaintiff fails to state an Eighth Amendment claim.

As all of plaintiff's federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> 28 U.S.C. § 1367(c).

5 - ORDER TO DISMISS

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. The dismissal of plaintiff's due process and Eighth Amendment claims is with prejudice. Plaintiff may file an Amended Complaint as to his equal protection claim only. Plaintiff is advised that failure to file an Amended Complaint which cures the defects within 30 days of the date of this Order shall result in the dismissal of his equal protection claim, with prejudice.

As the court is allowing petitioner to file an amended complaint, his Motion for Leave to File an Amended Complaint (#5) is GRANTED.

IT IS SO ORDERED.

DATED this  1st  day of May, 2006.

                       /s/ Michael W. Mosman  
                       Michael W. Mosman  
                       United States District Judge